HON. JAMES BARRETT,
HON. ASAHEL PECK, } ASSISTANT JUDGES.
HON. TIMOTHY P. REDFIELD,

---

IRA A. BAGLEY *v.* CALVIN MORRILL ET ALS.

*Construction of Deed. When Monuments will Govern Courses and Distances. Parol Evidence.*

The description contained in the plaintiff's deed of the *locus in quo*, after giving three courses, and coming to a road upon the east line of the plaintiff's land, continued as follows: "Thence N. 17° E., 8 rods and 17 links, on the west side of said road; *thence N. 29° E.*, 6 rods and 18 *links;* thence N. 9 rods; thence N. 38¼° E., 18 rods; thence N. 60½° E., 4 rods and 10 links; *thence N. 46½° E., 7 rods and 17 links to the corner near the house formerly owned by M. Castello."* The courses and distances above giv- n, consti- tuted the east line of the *locus in quo.* The defendants claimed that there was a mis- take in the fifth course given in the deed—that it should have been N. 29° W., instead of N. 29° E—and gave evidence tending to show that a line run with such corrected course, would strike the shed at said house; whereas a line run upon the courses named in the deed, ended two or three rods north-east of said house. The plaintiff testified that he never claimed to own east of said road, and that he always claimed the corner at or near said house, to be his north-east corner. But, in following the courses mentioned in the deed, it appeared that some portion of said road, and in

some places land east thereof, were included in the description in said deed. The court charged the jury that, notwithstanding the evidence as to the extent of the plaintiff's claim in regard to the location of his east line, he would be entitled to hold so far as the courses and distances given in the deed, carried him, and that the courses and distances as given in the deed, controlled his right, and if by following them, some part or all of the road was conveyed, he could recover for trespasses committed thereon, unless barred by a license claim by the defendants. *Held,* no error.

In order for an application of the rule, that monuments govern courses and distances, the location of the monuments must be proved; and parol evidence is admissible for that purpose. If no monuments are mentioned in the deed, or if mentioned, their existence and location are not proved, courses and distances will govern.

In the construction of a deed, in order to warrant the court in assuming a mistake in the course of a line, and substituting another, the deed itself, or the deed with proof of such facts as are competent to be shown in aid of the construction of a written instrument, must contain the necessary elements to make such assumption a matter of legal construction of the deed, as contradistinguished from matter of extrinsic proof.

TRESPASS *qua clau.* in two counts. Pleas, the general issue and license. Trial by jury, December term, 1872, ROYCE, J., presiding. No question arose under the second count. To prove title to the land described in the first count, the plaintiff gave in evidence a deed thereof from Ephraim Paddock to himself, dated May 31, 1859, wherein said land was described as follows:

" Being part of lot No. ——, beginning on the division line between said Paddock and H. Martin's estate, at a stake and stones; thence S. 5° W., 22 rods, to stake and stones; thence S. 15° W., 15 rods, to the division line between said Paddock and Jesse Cheney; thence on said line, S. 58° E., about 18 rods, to the road; thence N. 17° E., 8 rods and 17 links, on the west side of said road; thence *N.* 29° *E.*, 6 rods and 18 links; thence N. 9 rods; thence N. 38¼° E., 18 rods; thence N. 60½° E., 4 rods and 10 links; thence *N.* 46½° *E.*, 7 rods and 17 links, to the corner near the house formerly owned by M. Castello; thence on division line, N. 85° W., 14 rods and 5 links; thence N. 63¼° W., 4 rods and 12 links; thence S. 83¼° W., 11 rods, to bound begun at—containing four acres and 66 square rods, be the same more or less."

No question was made but that said deed conveyed title to the land therein described, to the plaintiff. The plaintiff gave evidence tending to show that he took possession of said land soon after the date of his deed, and had ever since had possession thereof, and that in the summer of 1870, the defendants entered thereon, and drew away large quantities of soil therefrom.

The defendants gave evidence tending to show that the selectmen of St. Johnsbury were called upon by petition, to lay out

and establish a public highway across the plaintiff's land, and that the plaintiff was one of the petitioners; that they caused said highway to be duly surveyed, laid out, and established; that the same was partly constructed at the commencement of this suit, and that, at the point where the defendants conceded it crossed the plaintiff's land, it was not finished. It appeared that on the east line of the plaintiff's land described in the first count in the declaration, there was an old highway, running northerly and southerly, which was built and in use before the plaintiff bought said land; and the plaintiff testified that he never claimed to own east of said highway, and that he always claimed the corner at or near the Castello house to be his north-east corner. But it appeared that in following the courses mentioned in said deed, some portion of said road, and in some places land east thereof, were included in said deed. The main controversy was as to the ownership of said old road. The defendants claimed that there was a mistake in the fifth course in the plaintiff's deed; that said course should be N. 29° W., instead of N. 29° E., and gave evidence tending to show, that a line run upon such corrected course, would strike the shed at the Castello house, while a line run upon the course mentioned in said deed, ended two or three rods to the northeast of said house. The defendants introduced Judge Ross as a witness, who testified that he surveyed the land for the plaintiff and Paddock when the plaintiff purchased; that they were both present, and that he gave the minutes of his survey to Paddock, to draw the deed by; that he run the east line of said land over the brow of the hill, and, substantially, on the line of the fence now on the land, and that said line so run by him, was west of said highway the whole distance. The defendants used some part of said old highway in the construction of the new road, and the plaintiff claimed no title to it unless it was embraced in his deed from Paddock. Much of the damage claimed by the plaintiff, was occasioned by the taking of said old road.

The court charged the jury, among other things not excepted to, that notwithstanding the evidence as to the extent of the plaintiff's claim as to the location of his east line, he would be entitled to hold so far as the courses and distances set forth in his

deed from Paddock would give him, and that the courses and distances as given in said deed, controlled his right, and if by following them, some part or all of said old road was conveyed, he could recover damages for taking the same, unless he consented to the taking thereof by the license claimed by the defendants; to which the defendants excepted.

*Belden & Ide* and *Powers & Gleed,* for the defendants.

There is a clerical error in the description, and parol evidence is admissible to show it. 1 U. S. Dig. 481, § 175. Evidence of the circumstances under which the deed was executed, is also admissible. *Stanley* v. *Green,* 12 Cal. 162. Monuments govern courses and distances, as matter of law. Two fixed monuments are referred to in the description—the " road," and the " Castello corner." In starting on the fifth course, the " Castello corner " must be struck at all hazards.

If the description is not sufficiently certain to warrant the court in defining the lines of the land conveyed, then it becomes a question of fact for the jury, and evidence of the practical construction given by the parties, by acts of ownership, recognition of measurements or boundaries, and their declarations as to the extent of their claim, is admissible. *Opdyke* v. *Stearns,* 41 Dutch. (N. J.) ; *Dimmitt* v. *Sashbrook,* 2 Dana, 2 ; *Stone* v. *Clark,* 1 Met. 378 ; *Kellogg* v. *Smith,* 7 Cush. 375 ; *Waterman* v. *Johnson,* 13 Pick. 261 ; 1 Greenl. Ev. 351, in notes. And the expression of quantity will aid in finding the intent. 1 Greenl. Ev. *supra.* Judge Ross's survey was made to ascertain the quantity of land, and by correcting the fifth course, his computation is verified.

If there was any uncertainty as to the location of " the corner " near the Castello house, or as to the lines of the plaintiff's land, it should have been submitted to the jury to locate them. 1 Shepley, 111 ; *Liuscott* v. *Fernaldo,* 5 Greenl. 496 ; *Claremont* v. *Carlton,* 2 N. H. 373 ; *Blake* v. *Doherty,* 5 Wheat. 359 ; *Hedge* v. *Sims,* 29 Ind. 574. And the evidence of the surveyor who run out the land, is competent, to establish both the location of the corner, and the limits of the plaintiff's land. 1 U. S. Dig. 481,

§ 151. All this evidence should have gone to the jury, without instruction that the courses in the deed would govern.

*O. S. & C. C. Burke*, for the plaintiff.

There being no fixed or visible monuments, and no reference made to any in the plaintiff's deed, and none claimed by the defendant, the courses and distances as given in the deed, must govern and control the plaintiff's right of recovery; and no parol testimony was admissible, to vary or contradict the deed. 2 Washb. Real Prop. 631, and cases cited; *Pingree* v. *Watkins*, 17 Vt. 379.

The opinion of the court was delivered by

PECK, J. The only question in the case is as to a portion of the east line of the plaintiff's land, conveyed to him by Ephraim Paddock, by deed dated May 31, 1859. The case states that no question was made but that the title to the land described in that deed, was conveyed by it to the plaintiff. The point made by the defendants' counsel is, that the court erred in charging the jury to the effect that the plaintiff would hold so far as the courses and distances set forth in his deed from Paddock, would give him. In determining the correctness of this ruling, it must be viewed in reference only to the portion of the line in dispute. There does not appear to have been any dispute about the starting point mentioned in the deed, nor as to the first four lines therein described. The third line from the starting point, is described as running " on said line "—referring to the line between said Paddock and Jesse Cheney, before mentioned—" south 58 degrees east, about eighteen rods, to the road." The next course is described as running " thence north seventeen degrees east, eight rods and seventeen links, on the west side of said road." Thus far there appears to have been no dispute. The controversy was as to the line between this point—the commencement of the fifth course—and the termination of the ninth course, which course is described as running north, forty-six and a half degrees east, seven rods and seventeen links, to the corner near the house formerly owned by M. Castello. The defendant claimed that there was a mistake in the fifth course in the deed; that it should

be north, twenty-nine degrees *west*, instead of north, twenty-nine degrees *east*, as stated in the deed. It sometimes becomes necessary, in case of two descriptions in a deed inconsistent with each other, to reject one as the false description, and adopt the other as the true one, as being more in harmony with the apparent intention, gathered from the whole deed. The ground on which this assumption of such mistake in the deed is mainly based, is, that by thus altering the fifth course, and then running the four succeeding lines according to the courses indicated in the deed, the ninth course would strike the shed at the Castello house; while running all these lines by the courses named in the deed, the ninth course terminates two or three rods to the north-east of the Castello house. It cannot be said that this termination of this line is inconsistent with the courses and distances called for in the deed. The deed describing this line as running north, forty-six and a half degrees east, seven rods and seventeen links, *to the corner near the house formerly owned by M. Castello*, does not call for a line terminating *at* the Castello house, but *near* it. It does not state on which side, or in what direction from this house the line terminates. It cannot be affirmed that two or three rods north-east of the Castello house, is not near it. It does not appear that the point where the line run, on the defendant's theory, strikes the shed, is any nearer the Castello house than the point is where the line run according to the courses and distances named in the deed, terminates. But even if it were a little nearer, it would be an unwarrantable assumption to adopt the hypothesis of the defendant's counsel, and thereby change the location of the fifth and ninth lines, and the three intermediate lines, from their clear and explicit location by the courses and distances specified in the deed. Even if there had been a monument described in the deed near the Castello house, as the termination of the ninth course, and its location shown, it would only control the course and distance of the single line described as reaching it; it would not operate back to disturb the location of previous lines. Where there is a conflict between courses and distances on the one hand, and monuments on the other, mentioned in the description in the deed, the courses and distances must yield to the monuments.

But in order for the application of this rule, the existence and location of the monuments must be proved. From the very nature of the case, parol evidence is admissible to prove this, and identify the monuments described in the deed. If they once existed, but have been destroyed by time or other cause, their former existence and location may be shown by parol; and if clearly identified, they will still control courses and distances. But if no monuments are mentioned in the deed, or if mentioned, and their existence and location are not shown, the courses and distances govern. In the case at bar, no monument is mentioned in the deed, as already stated, that is shown to conflict with the courses and distances. In the construction of a deed, in order to warrant the court in assuming a mistake in the deed in the course of a line, and substituting another, the deed itself, or the deed with proof of such facts as are competent to be shown in aid of the construction of a written instrument, must contain the necessary elements to make such assumption a matter of *legal construction* of the deed, as contradistinguished from matter of *extrinsic proof.* The case at bar is not such case. The other evidence relied on by the defendant's counsel is not of a character and force to justify rejecting the courses and distances called for in the deed on that part of the line in dispute, there being no monuments to conflict with them.

Judgment affirmed.