Lemmon DeWitt *et al.*

*v.*

James K. Hawkins.

*Filed at Ottawa June 16, 1883.*

Mistake *in making partition of lands—as to boundaries.* In a suit for the partition of lands, the commissioners, in making the partition, reported one part as lot 3 and another as lot 6, each of which was described by metes and bounds, whereby a strip in the middle was included in both lots by mistake in measurement, and made a plat of the lots showing their relative positions, but from which the boundaries of the several lots could not be ascertained. The decree, in regard to the description, followed the report: *Held,* that the written description given of each lot, designating corners and other fixed monuments, must prevail over the plat, and it being apparent from such description that a mistake had been made, a court of equity should correct the same by dividing such strip equally between the owners of the two lots. Granting such relief is in no sense changing the original decree of partition. It is simply correcting an omission or mistake.

Appeal from the Circuit Court of Mercer county; the Hon. John J. Glenn, Judge, presiding.

Mr. B. C. Taliaferro, for the appellants:

The plat referred to in the report must control as to the boundaries of the lots. *McCormick* v. *Huse,* 78 Ill. 363; *Canal Trustees* v. *Havens,* 11 id. 554; *McClintock* v. *Rogers,* id. 279; *Ambrose* v. *Raley,* 58 id. 506.

If the deficiency in the quantity of the land is to be apportioned, all the lots should bear their share, and the whole loss should not fall on lots 3 and 6.

The change of the original decree of partition, as in this case, can not be done if it affects third parties or innocent purchasers, as in Lemmon DeWitt's case. *McCormick* v. *Wheeler,* 36 Ill. 114; Freeman on Judgments, sec. 74.

The court can not change, alter or amend a decree, in substance or in material manner, after the term passes in which

the decree was made. Freeman on Judgments, secs. 69, 70; *Stahl* v. *Webster*, 11 Ill. 511; *State Savings Institution* v. *Nelson*, 49 id. 171; *Windett* v. *Hamilton*, 52 id. 180; *Knox* v. *Winsted Savings Bank*, 57 id. 330; *National Ins. Co.* v. *Chamber of Commerce*, 69 id. 22; *Coursen* v. *Hixon*, 78 id. 339.

Mr. J. C. PEPPER, for the appellee:

The plat is unintelligible, giving no starting point, section, township or county, while the report is perfect and complete as to description. The original monuments referred to in the report must control. *McClintock* v. *Rogers*, 11 Ill. 279; *Laflin* v. *Herrington*, 16 id. 301; *Kamphouse* v. *Gaffner*, 73 id. 453; *Miller* v. *Beeler*, 25 id. 163; *Sawyer* v. *Cox*, 62 id. 130; *Bauer* v. *Gotmanhausen*, 65 id. 499; *Lull* v. *City of Chicago*, 68 id. 518.

The bill did not seek to change or alter the original decree, but to construe it, and define the parties' equitable rights under it.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Complainant, by his original and amended bills, shows that in a proceeding had in 1876, in a partition suit, a tract of land containing 317 acres, that had belonged to Thomas Hawkins in his lifetime, and which, perhaps, was set apart to his widow, was divided among the heirs of decedent. It is represented that in the parcel set apart and allotted to complainant, as one of the heirs, and in the tract set apart and allowed to defendants' grantor, there was included a strip of land about one and one-half rods wide at one end, and about one-half rod wide at the other end. The lots in which this piece of land is included are numbered 3 and 6 on the plat made by the commissioners appointed by the court to make partition of the estate, and is referred to and

made a part of their report, but each lot is described by metes and bounds, and it is in that way the same piece of land is included in both lots. Complainant alleges the mistake in the partition proceedings in this respect, and by his amended bill asks to have an equal division made of the strip of land described, giving one-half to him, as the owner of lot 6, and the other half to defendant, as the owner of lot 3. Defendant answered both the original and amended bills, and while admitting the division of the lands into lots numbered as alleged, insists the lots were set off to the respective heirs by distances, metes and bounds, as described on the plat connected with and made a part of the commissioners' report, for the purpose of showing exactly the boundaries of the several lots named and mentioned in the report, and denies the tract allotted to complainant was described as he alleges, but that it was described as "lot 6, as designated in plat 'A,' hereto attached," and for that reason insists the plat should control, rather than the description thereafter given by metes and bounds. The circuit court decreed a partition of the strip of land in dispute should be made equally between the two lots owned by complainant and defendant, and thereupon defendant, being dissatisfied with that decision, prayed for and was allowed an appeal to this court.

It is apparent the work of making partition of the original tract of land among the respective heirs was very unskillfully done. It seems to have been done by the commissioners appointed by the court, without the aid of a surveyor. It is obvious the plat was made to show the relative position of each lot. Nothing more could have been intended by it. Each lot was described by metes and bounds, and it is not perceived, from anything contained in this record, how the portion allotted to each heir could be otherwise ascertained. It certainly could not be done by anything appearing on the plat. The written description given of each lot designates corners or other fixed monuments, from which any surveyor

could readily ascertain the location of each lot. That could not be done from the plat.

Regarding, as must be done, the description by metes and bounds as determining the location of each lot, rather than the plat, it is very apparent the strip of land in controversy is included in lot 6, allotted to complainant, and also in lot 3, allotted to defendants' grantor. Evidently the mistake occurred in the measurements made by the commissioners, and the confirmation of their report vested the title to the identical piece of land in both parties. It is obvious the error should be corrected in some way that would be just and right. There is not land enough to give both parties the quantity embraced in the descriptions of the respective lots, and it would seem to be equitable each lot should bear a portion of the loss. Making an equal division between the owners of the adjacent lots, as the decree does, is the only mode that suggests itself by which justice may be done. Had not the mistake occurred, it could not now be known how the commissioners would have divided the land between the heirs, and the nearest approach that can now be made to fairness, is an equal division of that which was allotted to both heirs. .

Decreeing a division of the land in controversy, as was done by the court, is in no sense changing the original decree of partition. That, of course, could not be done after the rights of third parties had intervened. It is simply correcting an omission, without which the respective parties could not enjoy in severalty that which really had been allotted to them. That may be done, and it can be better done in a court of equity than a court of law.

The decree of the circuit court will be affirmed.

*Decree affirmed.*