EMERSON W. BRYANT *vs.* MAINE CENTRAL RAILROAD COMPANY.

Franklin.    Opinion March 14, 1887.

*Deed.    Boundary.    Record.    Notice.*

When one accepts a deed bounding him by another's land, the land referred to becomes a monument which will control distances, and the grantee can hold no portion of the other's land, although his deed of it is not recorded.

The plaintiff was bounded by the "east bound of the Maine Central Railroad." To give him the quantity of land described in his deed, he must overlap the railroad just half a rod. The deed to the railroad was not acknowledged, although actually recorded, and the plaintiff had no actual notice of the true location of the east side line of the railroad when he took his deed. *Held,* in an action to recover that half a rod strip from the railroad company, that judgment must be entered for the defendant.

ON report upon agreed statement.

Writ of entry to recover a strip of land half a rod in width across the Lorenzo Keyes farm in Jay, from the easterly side of the railroad.

*J. C. Holman and S. C. Belcher,* for the plaintiff.

This case is to be distinguished from *Bonney* v. *Morrill,* 52 Maine, 252. In that case, the grantor bounds his grantee by "land now or formerly owned by Isaac Bonney," without in any way stating or suggesting where said Bonney's boundary line was. The grantee was put on his guard, by the language used, to inquire and learn for himself where "the land now or formerly owned by Isaac Bonney" was situated. The court have good reason to say that they cannot presume the grantor intended a fraud upon his grantee.

In this case, however, the grantor expressly points out the line of the defendant's land by establishing a monument which he says is twelve feet from the easterly line of defendant's land. Plaintiff had no occasion to make further inquiries. He relied, and had a right to rely, upon the statement of his grantor, who had full knowledge of the boundaries. In *Bonney* v. *Morrill,* there was some ambiguity in the description. There were two monuments, either of which would answer the call in the deed. In this case there is no ambiguity. The plaintiff's deed embraces without question, in fact the case so finds, the land in contro-

versy. The only question is whether or not he can hold all the land described in his deed. We contend that he can.

*Frye, Cotton and White*, for the defendant, cited : *Bonney* v. *Morrill*, 52 Maine, 256 ; *White* v. *Jones*, 67 Maine, 20 ; *Wiswell* v. *Marston*, 54 Maine, 270 ; *Wellington* v. *Fuller*, 38 Maine, 63 ; 2 Pom. Eq. Jur. § 600.

WALTON, J. We think judgment must be rendered for the railroad company. It appears that in 1856, Lorenzo Keyes conveyed a strip of land five rods wide for a railroad. That strip of land is now held by the Maine Central Railroad. In 1879 he conveyed another parcel of land to the plaintiff, bounding him on the west by the " east bound of the Maine Central Railroad." Two stone monuments are mentioned in his deed. One of them is described as standing ten feet, and the other twelve feet, from the east bound of the railroad. And if these distances are adhered to, the plaintiff's land will overlap the land of the railroad just half a rod ; for the land of the railroad is just half a rod nearer to these stone monuments than the distances named in the plaintiff's deed. And this half rod is the land in dispute. The plaintiff had no actual notice of the location of the side lines of the railroad, and he says that he supposed the east bound to be where his deed indicated. And he says that he is not chargeable with constructive notice, because the deed to the railroad, although actually recorded, was not legally recorded, it not having been acknowledged. And for these reasons, he insists that he should be allowed to hold to the full extent of the distances named in his deed. To this the defendant replies that when one accepts a deed bounding him by another's land, the land referred to becomes a monument which controls distances, and that the law will not allow him to overlap and hold any portion of the other's land, whether the latter's deed of it is or is not recorded. We think the defendant's position is correct. It is sustained by the decision in *Bonney* v. *Morrill*, 52 Maine, 256 ; and upon principle we think such ought to be the law.

*Judgment for the defendant.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.