WILLIAM G. CHURCH *v.* ENOS STILES.

*Action of Covenant. Deed, bounding " to " or " upon " a Railroad. Monuments, Courses, etc.*

1. The rule that where general terms are used in a deed, as " to " or " upon " a highway or railroad, it is presumed that the parties intended the conveyance to extend to the centre line, does. not apply when the grantor does not own the fee of the highway, etc.; thus, the land was described as running " to the railroad; thence on said railroad 3 3-4 rods to stake and stones," etc.; *Held*, (*a*) that the description covered land only to the line of the railroad premises; and (*b*) that the railroad is a monument, and this controls the boundary instead of the line running to the " stake and stones."

2. When the grantee has all the land described in his deed, but not all the grantor agreed to convey, his remedy is not an action upon the covenants.

ACTION OF COVENANT. Plea, general issue and notice. Trial by court, March Term, 1886, VEAZEY, J., presiding. Judgment for the defendant.

The plaintiff put in evidence a warranty deed from the defendant to the plaintiff, and offered to show that, before said deed was executed, the defendant pointed out to the plaintiff a certain fence some twenty feet or more east of the west line of the railroad land as his true east line, and pointed out a stake and stones as the corner' situated said distance east of the west line of the railroad lines, upon which the plaintiff relied. It was agreed that the railroad company had a deed of the land adjoining on the east of the land' owned by the defendant when he deeded to the plaintiff.

Deed : " A certain piece of land in Middlesex, in the County

of Washington and State of Vermont, described as follows, viz. : Beginning at southeast corner of land owned and occupied by Mrs. Joel Cummins on north side of Winooski turnpike, running N. E. on said Cummins' line eight rods; then turn northwest one rod, thence N. east by B. Barrett's line to the railroad; thence on said railroad 3 3-4 rods to stake and stones; thence southwesterly parallel and within one foot of my buildings, which I now occupy, to the aforesaid turnpike road; thence on said turnpike to the place of beginning on above mentioned corner of Mrs. Cummins;—meaning to convey about 45 1-2 rods northwesterly part of my home premises."

*T. R. Gordon* and *Heath & Willard*, for the plaintiff.

The defendant covenanted for the title of land of which he was not the owner. *Wilder* v. *Davenport*, 58 Vt. 642.

It is a case of double description, and in such a case that description will, as a matter of law, be adhered to as to which there is the least likelihood that a mistake could be committed. This makes for the stake and stones, and would require that the line should run to them in preference to running on the side line. The stake and stones are expressly mentioned; the margin is not even referred to in the whole deed. They are visible and tangible; the margin is not. They reveal their own existence and location; the margin does not. *Miller* v. *Cherry*, 3 Jones Eq. 29; *Ferris* v. *Coover*, 10 Cal. 628; *Melvin* v. *Propr's, Locks, etc.*, 5 Met. 28; *Esty* v. *Baker*, 50 Me. 331; 3 Wash. R. P. 405.

It is presumed that the parties intended the conveyance to be to the centre of the railroad. Ang. High. ss. 315, 380; 3 Wash. R. P. (4th ed.), p. 420; 2 Smith L. C. 216, 220; *Newhall* v. *Ireson*, 8 Cush. 598; *Berridge* v. *Ward*, 10 C. B. N. S. 400; *Winter* v. *Peterson*, 4 Zabr. 527; *Kimball* v. *Kenosha*, 4 Wis. 331; *Chatham* v. *Brainerd*, 11 Conn. 60; *Buck* v. *Squiers*, 22 Vt. 489; *Marsh* v. *Burt*, 34 Vt. 289; *Morrow* v. *Willard*, 30 Vt. 118; *Maynard* v. *Weeks*, 41 Vt.

619. *Boston* v. *Richardson*, 13 Allen, 152, 153, is a clear enunciation of the law that the centre line is controlling when a highway or railroad is a monument or abuttal.

J. A. *Wing*, for the defendant.

The deed did not cover any of the railroad land. *Parks* v. *Loomis*, 72 Mass. 467 ; *Coles* v. *York*, 23 Reporter, 529. When a piece of land is described as bounded on lands of another person, such lands are monuments and abuttals. *Wilder* v. *Davenport*, 58 Vt. 642 ; *Bundy* v. *Morgan*, 45 Vt. 46 ; *Ide* v. *Pierce*, 9 Gray, 350 ; *Bosworth* v. *Sturtvant*, 2 Cush. 392 ; *Davis* v. *Ramsford*, 17 Mass. 207 ; *Thatcher* v. *Bradford*, 2 Met. 41. The railroad was a fixed monument,— *Boston* v. *Richardson*, 13 Allan, 152,—and is controlling. No action of covenant can be sustained for land not included in the deed. The two descriptions cannot be reconciled, and the " stake and stones " as a boundary should be rejected.

The opinion of the court was delivered by

TAFT, J. I. This is an action upon the covenants in a deed ; and it is conceded that the plaintiff has no right of recovery unless the description in the deed covers land owned by the railroad company, situate upon the easterly side of the land conveyed.

The line bounding the land conveyed is described in part as running " to the railroad ; thence on said railroad three three-fourth rods to stake and stones ; thence southwesterly," etc. The plaintiff claims that the description covers land to the centre of the railroad track or road-bed, upon the familiar principle that where general terms are used in a deed, such as " to," " upon " or " along a highway " or railroad, the law presumes the parties intended the conveyance to be to the middle or centre line. In such cases that portion of the land in the limits of the road is not covered by the description in the deed in express terms. The rule is one of construction, and is limited to those cases where the " grantor owns the

Church v. Stiles.

fee " of the highway ; for if it was covered by the description in the deed there would be no necessity of calling in the aid of a presumption. The grantor owning the fee, the law presumes he intended to convey it, and not retain a narrow and often-times a long strip of land which, for all practical pur-poses, would be of no value to him. But where the grantor does not own the fee of the land the law will not presume that he intended to convey that which he did not own. The description covered land only to the line of the railroad prem-ises.

II. But the plaintiff claims that if the words of the deed do not describe the land to the centre of the road-bed, that the line bounding his land runs from the point where it strikes the railroad land to the stake and stones set twenty feet or more east of the west line of the railroad. The description, in terms, bounded the land upon the railroad land, and thus the lat-ter became a monument; and this monument must control the boundary rather than the course claimed by the plaintiff; for, as was said by PECK, J., in *Bagley* v. *Morrill*, 46 Vt. 94: " Where there is a conflict between courses and distances on the one hand and monuments on the other, mentioned in the description in the deed, the courses and distances must yield to the monuments."

In a late case in Maine, it was held that " where one accepts a deed bounding him by another's land, the land referred to becomes a monument which controls distances, and that the law will not allow him to overlap and hold any portion of the other's land." *Bryant* v. *Maine Cent. R. Co.*, 9 Atl. Rep. 736.

It is evident that when the deed in question was given the parties supposed that the defendant owned to a line twenty feet nearer the centre line of the railroad than he did ; but the de-scription in the deed covered land only to the true railroad line. The plaintiff now has all the land described in the deed, and therefore the defendant is not liable upon his covenants, as there has been no breach of them. If the land described in the

deed is not all that the defendant agreed to convey to the plaintiff, the remedy of the latter is not by way of an action upon the defendant's covenants.

The ruling of the County Court upon the case before it was correct, and the judgment is affirmed.