MARY A. BARNES & others *vs.* THOMAS D. BOARDMAN & others.

Essex.　November 2, 1892. — December 6, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Partition — Tenancy in Common — Conveyance by one Tenant — Previous Partition of Portion of Land — Bar.*

A conveyance by one tenant in common of land, purporting to give a good title in severalty to a particular portion of it, cannot affect the right of the other tenants in common to have partition of the estate.

The fact that, by mistake, partition has been made of a part only of an estate held by tenants in common, if the parties acted innocently and in good faith, is no bar to a partition of the remainder of the estate.

PETITION for partition of three parcels of land in Lawrence. The case was submitted to the Superior Court, and, after judgment for the respondents, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*B. B. Jones*, for the petitioners.

*C. U. Bell*, for the respondent Henry A. Prescott.

*C. A. De Courcy*, for John Ford and other respondents.

KNOWLTON, J. The petitioners are tenants in common of the land described in their petition, and they are entitled to partition unless the previous proceedings are a bar.

The conveyances made by Benjamin G. Boardman, Jr., one of the tenants in common, purporting to give a good title in severalty to particular parts of the land, cannot affect the rights of these petitioners. It has repeatedly been held that a conveyance by one tenant in common of a portion of an estate by metes and bounds is void as against his cotenants, although it may, after a partition, operate by way of estoppel between the parties to transfer the title. *Bartlet* v. *Harlow*, 12 Mass. 348. *Varnum* v. *Abbot*, 12 Mass. 474. *Blossom* v. *Brightman*, 21 Pick. 283. *Peabody* v. *Minot*, 24 Pick. 329, 332. *Tainter* v. *Cole*, 120 Mass. 162. *Cofran* v. *Shepard*, 148 Mass. 582. *Graves* v. *Goldthwait*, 153 Mass. 268.

If there were nothing relied on in defence but the conveyances referred to, there would be hardly any ground for argument against the granting of the petition. But it appears that the petitioners have already, by proceedings in court, obtained partition of a part of the property held in common, on a petition that made no reference to the remainder of it, which they now seek to have divided. It is contended that the court will not make an order for a partition of a part only of an estate held by tenants in common, and that therefore, when a partition has been made which does not include all the land that should have been included, the court will not, in a new proceeding, do that which should have been done in the original suit. It is true that a petition for a partition of a part of an estate held by tenants in common will not be entertained against the objection of any person interested. Ordinarily, a petition of this kind should include the entire estate held in common ; but it does not follow, if by mistake, or by the consent of all the tenants, a partition has been made of a portion of their estate; whether by order of the court or otherwise, that the court is powerless to divide the remainder on a petition of one or more of the tenants in common. It would be a harsh rule, that, after a division of a part of an estate, partition of the remainder could never be ordered by the court. When parties have acted innocently and fairly in making or obtaining a division which does not cover all their

estate, there is no reason why the law should not aid them when they ask for a division of the remainder.

The respondents contend most strongly that the peculiar circumstances under which the partition was obtained in the first suit of *Barnes* v. *Boardman*, 149 Mass. 106, call for the application of a different rule. It is urged that the petitioners, when they obtained judgment in that suit, knew of the conveyances by Benjamin G. Boardman, Jr. to some of these respondents, and must have seen that the effect of that partition would be to diminish the probability of the respondents who hold these conveyances getting protection under a judgment which would set off to their grantors the land included in their deeds, and open to them a claim by estoppel. It is argued that the petitioners voluntarily did that which would work injustice to these respondents if the present petition should be granted, and that therefore they should not be permitted now to have a second partition. If it appeared that the petitioners had conspired with the heirs of Benjamin G. Boardman, Jr. first to obtain the partition of a part which did not include any of the lands conveyed by him, with a view thereby to prevent the respondents who claim under deeds of said Boardman, Jr. from getting any share after the division through an estoppel under their deeds, there would be .force in the contention; but whether it would prevail, it is unnecessary to decide, for it appears by the facts agreed that the petitioners acted in good faith in the belief that these respondents had a good title by grant to one undivided fourth part of the land described in their respective deeds, which could be availed of in suits for partition then pending. The parties seem to have proceeded under a mistake in regard to their legal rights, and nothing appears on either side to affect the right which petitioners would have in any such case if they had by common consent obtained the partition of a part of an estate held in common, and subsequently found that a partition of the remainder of it was desirable. *Marks* v. *Sewall*, 120 Mass. 174. *Watson* v. *Watson*, 128 Mass. 152. It follows that there must be a judgment for partition as prayed for.

*Judgment for partition.*