# CHARLESTON.

C. S. Vandall *et al.* v. Sallie A. Casto *et al.*

Submitted October 9, 1917.   Decided October 16, 1917.

1. Partition—*Joint Estate—Equity—Jurisdiction.*

   Where joint owners of a tract of land undertake to divide the same, and in doing so omit from the partition so made a part of the tract, either through the fraud of one of the joint owners, or because of the mistake of both of them as to the extent of their boundaries, a court of equity has jurisdiction at the suit of one of such joint owners to make further partition of the joint estate.   (p. 79).

2. Same—*Equity Jurisdiction—New Partition.*

   If in such case the parcels of land so assigned to the respective owners under the partition made by them have not changed, and nothing has been done thereon, and no condition has arisen which would make it inequitable to do so, a court of equity will ordinarily set aside the partition made by the parties and the deeds made in pursuance thereof, and partition the whole tract of land.   (p. 79).

3. Same—*Act of Parties—Exclusion of Land—Partition in Equity.*

   Where, however, the parties, or either of them, have so dealt with the lands so assigned as to make it inequitable to set aside such partition, a court of equity will not set aside the same or the deeds made in pursuance thereof, but will divide the land so excluded from such partition between the parties in the proportion that they are interested therein.   (p. 79).

4. Boundaries—*Calls in Deed—Monument.*

   Calls in a deed for an adjoining tract of land are calls for a monument, and where the location of such adjoining tract of land is certain it becomes a monument of the highest dignity. (p. 81).

5. Same—*Location.*

   Where the description in a deed conveying a tract of land calls for the line of an adjoining tract, the location of which is undisputed or clearly established, it will control in locating such tract of land.   (p. 81). .

6. Partition—*Judgment—Determination of Interests.*

   Where in a partition suit it is ascertained that the plaintiffs seeking the partition are entitled to a particular interest in the tract of land sought to be partitioned, and that the defendants are entitled to the residue thereof, one of them owning the oil and gas, and the other all the remaining interest in such residue, it is

competent for the court having jurisdiction to assign to the plaintiffs the share to which they are entitled, and to the defendants the remainder of said land; and should they desire to have their respective interests in such remainder determined by the court they may do so by proper pleading in such partition suit, or in an independent suit subsequently brought for the purpose. (p. 84).

7. SAME—*Costs.*

In a partition suit, where the defendant denies that the plaintiff seeking partition is the owner of any interest in the land sought to be partitioned, and costs are incurred by the plaintiff in establishing this fact, such costs are properly decreed against the defendant denying the existence of such right. (p. 85).

8. SAME—*Appointment of Commissioners—Oath—Presumption.*

A decree appointing commissioners to partition lands between the owners thereof should ordinarily provide that such commissioners be sworn before entering upon the discharge of their duties, but a failure to so provide in the decree will not be cause for a reversal thereof. It will be presumed that the commissioners will comply with this requirement of the law before entering upon their duties, and should they fail in this regard advantage thereof may be taken by any party prejudiced by the report of the commissioners by excepting thereto. (p. 86).

Appeal from Circuit Court, Roane County.

Suit for partition by C. S. Vandall and others against Sallie A. Casto and others. Demurrer to bill overruled and decree for plaintiffs, and defendant Sallie A. Casto appeals.

*Decree affirmed.*

*Ryan & Boggess,* for appellant.

*Pendleton, Mathews & Bell,* for appellees.

RITZ, JUDGE:

The defendant Sallie A. Casto was the owner of a one-half undivided interest in a tract of land described as containing one hundred and eleven acres, more or less, and the plaintiffs were the owners of the other one-half undivided interest therein. This tract of land adjoined another tract owned by Mrs. Casto known as the Wm. Petty tract of one hundred and thirteen acres. In the month of May, 1910, the plaintiffs and the defendant Mrs. Casto agreed to partition the

one hundred and eleven-acre tract, and for the purpose of
making this division they agreed that Romeo R. Hughes, a
surveyor, should go upon the tract of· land, and divide it
equally between them.  In accordance with this agreement
Hughes made a survey and found that the tract contained
eighty-six and sixteen-hundredths acres.  He then laid off
to Mrs. Casto forty-three and eight-hundredths acres which
it was thought adjoined the Petty· tract, and the remaining
forty-three and eight-hundredths acres he laid off to the
plaintiffs.  The plaintiffs executed a deed conveying to Mrs.
Casto all of their interest in the tract assigned to her, in
consideration of the conveyance by her of her interest in
the tract assigned to them, which conveyance was accordingly
made, and the parties took possession of these tracts of land,
and held the same under the deeds so executed.  In the year
1913 another survey was made of this land, as well as the
Petty land, and the plaintiffs then discovered that there had
been a mistake made in the partition of the 111 acre tract.
They found that there was a considerable parcel thereof
lying between the Petty line and the parcel of land assigned
to Mrs. Casto in the Hughes partition, which had not been
assigned to either of the· parties.  They called upon Mrs.
Casto to make partition of this tract of land, and upon her
declining to do so, and her insistence that she was the owner
of all of the land not set off to the plaintiffs by the Hughes
partition, they instituted this suit and prayed in their bill
that the partition made by Hughes, and the deeds made there-
under, be set aside, and the whole 111 acre tract partitioned
between the plaintiffs and the defendant Mrs. Casto; or, if
the court was of opinion that it was not proper to disturb
the assignments made by the deeds aforesaid, that the remain-
ing parcel of land not covered by either of the deeds of par-
tition be divided between the defendant Mrs. Casto and the
plaintiffs.  Prior to the filing of the bill the defendant Mrs.
Casto conveyed to the defendant Spencer Water & Ice Com-
pany the Petty tract of land, as well as her part of the 111
acre tract, and reserved in these conveyances to herself all of
the oil and gas underlying the same, and the right to use

the surface in removing or extracting such oil or gas from the premises.

The defendant Sallie A. Casto demurred to this bill and insists that such demurrer should be sustained, upon the ground that the plaintiffs were so negligent in having the survey made that they can procure no relief because of the mistake of the surveyor, because of their laches, because the bill is not a bill for partition, but a bill to reform a partition already made, because they are bound by the deeds and can get no more than was conveyed to them by the deed executed by Mrs. Casto, because the partition by R. R. Hughes at the instance of the parties was a submission to him as arbitrator of the question of dividing the land, and the plaintiffs cannot now claim any more than was assigned to them. It may be said that if the plaintiffs had had another survey of this land made sooner than they did this mistake would have been discovered, but does the fact that the mistake was not discovered bar the plaintiffs from setting up claim or interest in land which was not in fact partitioned, and allow the defendant to hold this land as her own? It appears clearly from the allegations of the bill that the tract of land sought to be partitioned is not included in either of the deeds of partition, and was not assigned to either of the parties. How did the plaintiffs lose their title to it? The deed made by them to Mrs. Casto does not purport to convey any interest in it, and the partition made by R. R. Hughes did not purport to assign it to the defendant Mrs. Casto as a part of her share of the joint estate. It is true as a general rule that when joint owners of real estate partition the same and execute deeds, they are each estopped to assert any title or interest except to the part assigned to them, but this doctrine only applies when such partition of the estate is of the whole thereof. Where the parties, either through the fraud of one of them, or by the mistake of both, do not include in the land so partitioned a part of the joint estate, a court of equity has full power either to set aside the partition so made, or, if either of the parties has so acted and treated the part assigned to them as to make it inequitable to have a partition thereof, or to include the same in a general partition of the

whole tract, the partition so made by the parties will be recognized and the remaining part partitioned by the court. Freeman on Cotenancy and Partition, §534.

In *DeWitt* v. *Hawkins,* 107 Ill. 109, it was held that where land was partitioned under an order of the court, and the commissioners in making the partition, by mistake, excluded a strip of land belonging to the joint tenants, and did not assign it to either of them, a court of equity would correct the mistake by dividing such strip between the joint tenants. In that case it was held that granting such relief in no sense changed the original decree of partition, but simply subjected to the action of the court that part of the joint estate which had been omitted by the mistake of the commissioners.    So in *Fowler* v. *Wood,* 6 L. R. A. (N. S.) 162 (Kan.) 85 Pac. 763, it was held that, where commissioners appointed for the purpose of partitioning a tract of land, by mistake, exclude from the parts assigned by them a part of the joint estate, the court will partition the part so excluded and assign it to the owners of the joint estate in proportion to their respective interests therein.    In *Cartmell* v. *Chambers,* 54 S. W. (Tex.) 362, it was held, where three parties who owned a tract of land which they thought contained only one lot of seventeen acres, partitioned this lot among themselves, when in fact the land owned by them contained three lots with an area of fifty-two acres, that one of the joint tenants was entitled to have the two remaining lots partitioned between himself and his co-owners upon discovering the mistake as to the extent of their boundaries, and that he was not estopped by any deed, nor by laches, to set up this claim.    It is a little difficult to see how an estoppel by the deed can be asserted against the plaintiffs that would not apply with equal force against the defendant, nor does it appear from the bill that there is any good reason why the plaintiffs should be denied their title to the one-half of the tract of land which was never partitioned between the parties.    It is perfectly competent for a court of equity, as before stated, to take jurisdiction of this cause of action, either upon the ground of the fraud alleged on behalf of the defendant in securing the partition to be made in the way that

it was, or upon the ground of a mistake of all the parties as
to the amount of land owned by them, and set aside the par-
tition deeds made in pursuance of a division of the land based
upon such mistaken apprehension as to the extent of the
boundary; or, in the event that it would be inequitable for
any reason to take away from the parties the parcels of land
so conveyed to them by the deeds of partition, then to par-
tition the parcel which had never been assigned to either of
the parties in such deeds.   30 Cyc. 163; *Cartmell* v. *Cham-
bers* (Tex.) 54 S. W. 362; *Robnett* v. *Howard* (Tenn.) 61
S. W. 1082; *Ross* v. *Armstrong*, (Tex.) 78 Am. Dec. 574;
*Barnes* v. *Boardman*, 157 Mass. 479; *Adams* v. *Hopkins*, 144
Cal. 19; *Fowler* v. *Wood*, (Kan.) 85 Pac. 763, 6 L. R. A.
(N. S.) 162; *DeWitt* v. *Hawkins*, 107 Ill. 109.   The demurrer
to the bill was properly overruled.

The defendant Sallie A. Casto assigns as error the action
of the court in appointing commissioners to partition the
tract of about twenty-nine and one-half acres of land lying
between the boundary of the Petty tract and the boundary
of the tract laid off to her by R. R. Hughes, as aforesaid,
her contention being that the 111 acres owned by her and
the plaintiffs jointly did not include all of this 29-1/2 acres.
She contends that the 111 acre tract only contains about 102
acres, and that there is a parcel of about sixteen acres of
land which was not partitioned between herself and the plain-
tiffs; while, according to the plaintiffs' contention, the 111
acre tract adjoins the Petty tract, and includes all of the
land lying between the Petty line and the tract assigned to
Mrs. Casto in the Hughes partition.   This parcel contains
about twenty-nine acres not assigned to either of the par-
ties in the Hughes partition.   In all of the deeds filed in this
record describing the 111 acre tract of land it is referred
to as joining the Petty tract; the beginning corner is a point
in the line of the Petty tract, and after going around the
tract by courses and distances it comes to the Petty tract
and calls for a corner thereof, and the closing line of the 111
acres is a line of the Petty tract.   The surveyors who testi-
fied on behalf of the plaintiffs show that they located this
Petty tract; in fact, its location is not in dispute.   No wit-

ness locates it, or attempts to locate it at any place other than the place at which it is located by the surveyors who testified for the plaintiffs. After locating the Petty tract, in order to locate the beginning corner of the 111 acres, they took a recognized corner in one of the lines thereof and reversed the calls, and ran back to the Petty line. From this corner they ran around the tract of land following the courses and distances given in the deeds, and found that there were very slight variations in any of the courses or distances called for, and that the tract of land contained something over 115 acres. Some of the lines and corners of the Petty tract are also common lines and corners to other tracts of land, the boundaries of which are well known, and these surveyors checked their surveys by locating these boundaries, and firmly established this Petty line. The surveyors testifying for the defendant began their survey at a gum which it is claimed is marked as a corner and situate some distance away from the Petty line. It does not appear from their testimony that they ever made any effort to find the Petty line, nor do they make any contention that the tract of land surveyed by them is adjacent to the Petty tract. After assuming that this gum is the beginning corner, in order to make the survey of the tract of land which they testified is the 111 acre tract, they find it necessary to entirely discard the beginning call in all of the descriptions of the 111 acre tract of land; and not only to entirely discard the beginning call, but they were compelled to cut a considerable part off the second call. After doing this they ran according to the courses and distances part way around the tract of land when they found, that in order to make their survey come to the point which they had established as the beginning, it was necessary to again change a number of courses and distances in the description of the 111 acre tract. By thus arbitrarily fixing the beginning corner and changing the courses and distances, in order to make the survey come together, they reduced the area to 102 acres and left a tract of some thirteen acres between the tract of 111 acres and the Petty tract. According to their survey the 111 acre tract does not touch the Petty tract at any point. If there is anything certain in

these deeds describing the 111 acre tract of land, it is that it adjoins the Petty tract, and it is inconceivable that any surveyor who was making an honest attempt to locate this 111 acre tract of land would not as a prerequisite to beginning his survey locate the line of the Petty tract. It is called for as one of the lines of the 111 acre tract, and two of the corners of the 111 acre tract are required to be in this line. The fact that the gum corner called for is not found is not material. This survey was originally made many years ago. One of the deeds in the record describing the 111 acre tract is dated 1878, and how long before that the survey was made which called for a gum as the beginning corner does not appear. Whatever else may be said it must be taken as firmly established, and in fact is not controverted in this cause, that the Petty line referred to in the deeds is as laid down by the surveyors testifying for the plaintiffs. They show by their testimony that they located this Petty tract of land from the calls in the Petty deed, by making surveys of adjoining tracts of land calling for it, taking well established corners from which to begin these surveys, and their location of this Petty line is not controverted or in any way questioned by the defendant or any of the surveyors testifying on her behalf. This Petty line is the natural boundary called for in the deed more than once, and it cannot be disregarded. Calls for adjoining tracts of land are themselves calls for monuments, and where they are certain they are monuments of the highest dignity. 9 Cor. Jur. 222; *Graybeal* v. *Powers,* 76 N. C. 66; *Bryant* v. *R. R. Co.,* 79 Me. 312; *Percival* v. *Chase,* 182 Mass. 371; *Lewis* v. *Yates,* 62 W. Va. 575. Here we have the Petty line, the location of which is not questioned, called for as a line of the 111 acre tract, and this call cannot be departed from simply because a gum tree is found some distance away marked as a corner; and especially is this true when in order to consider this gum tree as a corner it is necessary to discard the beginning call in the description, and to alter numbers of the other calls. The evidence in this case is clear that the 111 acre tract of land is adjacent to the Petty tract. In fact the defendant Sallie A. Casto in her answer alleges that it adjoins the Petty tract.

This being true, there is unquestionably a tract of land of about 29 acres lying between the Petty tract and the tract laid off to Mrs. Casto, a part of the 111 acre tract not assigned to either of the parties by the Hughes partition.

It is assigned as error that the court ordered the partition of this 29 acres of land instead of setting aside thu partition deeds made under a mistake as to the boundaries of the 111 acre tract, and making a new division of the entire tract. ` It appears that the plaintiffs have, since their 43 acres were laid off to them, leased the same for oil and gas purposes, and it might be entirely inequitable to the holder of this oil and gas lease to set aside these deeds of partition and direct commissioners to partition the whole tract.   Where this is found to be the case it is entirely proper for a court of equity to leave undisturbed the assignments already made and make partition of the parcel which was not dealt with by the parties themselves.   Freeman on Cotenancy and Partition, §534; *DeWitt* v. *Hawkins,* 107 Ill. 109; *Fowler* v. *Wood,* (Kan.) 6 L. R. A. (N. S.) 162; *Barnes* v. *Boardman,* 157 Mass. 479; *Cartmell* v. *Chambers,* (Tex.) 54 S. W. 362.   But the defendant says that it might be inequitable to her to divide the 29 acres of land, for the reason that the commissioners might not lay off her part of the same adjacent to the 43 acres already assigned to her.   Should they not do so it would leave a tract of land owned by the plaintiffs between her 43 acres and the part assigned to her, and that in view of the fact that she is the owner of the oil and gas under the land, with the right to take the same out, it would subject her estate in the oil and gas to a very severe burden to have it thus divided by a tract of land owned by the plaintiffs. There is nothing in this contention, inasmuch as the defendant Mrs. Casto is the owner of the oil and gas under the Petty tract, and whichever part of the 29 acres may be assigned to her will necessarily be adjacent to lands under which she now owns the oil and gas.

It is also insisted that the court erred in decreeing that the commissioners assign to the plaintiffs one-half of said tract of land so remaining unpartitioned, and to Sallie A. Casto and her grantee the other one-half thereof, for the reason

that she has conveyed away all of her interest in this tract of land except the oil and gas. It is contended that before the court ordered the partition it should have ascertained just what her interest was, and what the interest of her grantee was, and direct the commissioners to assign to each of them that interest. As we find that the defendant Sallie A. Casto and the plaintiffs were joint tenants in this tract of 29 acres of land, she could not dispose of the same and reserve to herself the oil and gas therein so as to deprive the plaintiffs of their right to have their part laid off to them. The interest laid off to her and to her grantee under her deed will be held by them under the decree of the court, and their rights therein fixed by the terms of that deed. If she desires, or her grantee desires, that the court construe the interest of the parties under that deed, either of them may have that done in this case by filing a pleading asking therefor. In Knapp on Partition, p. 211, the author says in speaking of a situation like this: "In such case the interlocutory judgment must direct a partition as between those whose share has been determined and the other parties to the action, leaving intact the share, interest or estate of those that are undetermined. And where the shares and interest of two or more parties have been ascertained and determined, the interlocutory judgment may also direct the partition among them of part of the property proportionate to their aggregate share; and the court, from time to time, may determine as to the other rights, shares and interests, and render another and further interlocutory judgment, directing a partition, in like manner, of the undetermined parts and portions of the property." So in this case it is not perceived that there is any impropriety in assigning to the plaintiffs their one-half interest in this tract of land; and if it is desired that the court more specifically determine the respective interests of the defendants in the remaining one-half, they may have that done in this suit, or in some other appropriate suit or proceeding. Knapp on Partition, p. 211; *Richardson* v. *Ruddy,* 10 Idaho, 151; 77 Pac. 972.

The court in this case decreed that the plaintiffs recover from the defendant Sallie A. Casto the costs incurred by

them in establishing their right to partition the said tract
of land.    This is assigned as error, it being contended that
costs in a partition suit should be divided between the par-
ties in the proportion in which they are interested in the
land sought to be partitioned.    That is entirely true, and in
this case the costs and expenses of making the partition will
be so divided by the court, but it must be borne in mind that
the defendant Mrs. Casto resisted the right of the plaintiffs
to have partition, and it is only the costs incurred by them in
establishing their interest in this tract of land that has been
decreed against Mrs. Casto.    She was responsible for these
costs being incurred, and there was no impropriety in de-
creeing that she should pay the same.

It is also assigned as error that the court does not provide
that the commissioners shall be sworn before proceeding to
execute the decree.    While it may be true that ordinarily a
decree of partition should provide that the commissioners
take an oath before entering upon the discharge of their
duties, the fact that this is omitted does not render the decree
reversible.    If it should turn out that the commissioners exe-
cuted the decree without taking such oath, it would per-
haps be cause of exception to their report; and if it appeared
that the report was prejudicial to either party it might be
easier to overthrow it if the commissioners had not been
sworn than it would be had they been properly sworn before
proceeding to execute the court's order.    It is not to be pre-
sumed that the commissioners will enter upon the perform-
ance of their duty without complying with the law in this
regard.

We find no error in the decree complained of, and the
same is affirmed.                                        *Affirmed.*