CARRIE MARTIN BEUTER *et al. v.* ZELDA M. BEUTER *et al.*

(No. 9008)

Submitted January 30, 1940. Decided February 27, 1940.

*McCamic & Clarke,* for appellants.
*Wm. C. Piper* and *Leo A. Coleman,* for appellees.

FOX, JUDGE:

This appeal is prosecuted by creditors of Richard K. Beuter, now deceased, from a decree of the circuit court of Ohio County, which made an allowance to counsel for plaintiff, payable out of a fund which would otherwise

have been distributed among the appellants as common creditors.

The record is incomplete, and we are forced to rely upon inferences drawn from the record as presented as to the history of the litigation. However, to fairly present the legal question at issue, it is necessary to detail the course of the litigation, as we understand it, leading up to the decree under attack.

At January Rules, 1932, Carrie Martin Beuter on behalf of herself and all other creditors of the estate of Richard K. Beuter, deceased, filed her bill against Zelda M. Beuter, executrix of the estate of Richard K. Beuter, and Zelda M. Beuter and Paul M. Beuter, widow and son, respectively, of the decedent. She alleged that she was at the date of the death of Richard K. Beuter his lawful wife, and entitled to dower in his real estate and to an interest in his personal estate; that the decedent died seized of a lot on Wheeling Island, designated as tract No. 1, and an undivided one-half interest in another lot in north Wheeling, designated as tract No. 2, and that the plaintiff was the owner of the other one-half interest therein; that said real estate was susceptible of partition, but, if not, the same should be sold for the benefit of those interested therein and creditors; that the decedent, at the date of his death, was indebted to the plaintiff in the sum of $4,900.00, of which the sum of $2,980.00 represented rents received by said decedent from property owned in common by decedent and plaintiff not accounted for, but there is nothing in the bill indicating the nature of the balance of her claim. The prayer is for an accounting as to rents due the plaintiff; for her dower interest; for general ascertainment of debts; for a partition of said real estate, or its sale; and for general relief.

The record before us does not clearly show what proceedings were had in the cause prior to December 30, 1937, but on that day a decree was entered directing T. H. Duval, special commissioner, to pay to Austin V. Wood, attorney for Carrie Martin Beuter, deceased, the sum of $100.00 for his services as counsel for her in this

cause, and directing the said special commissioner to pay one-half of the money remaining in his hands, after payment of costs, to her personal representative. From this decree we conclude that Carrie Martin Beuter had died, and that a personal representative had qualified for her estate, and that property had been sold by Duval, as special commissioner, in which her estate had an interest. From a decree entered in the cause on December 23, 1938, we learn that tract No. 2, above referred to, had been sold under order of the court and that there was then in the hands of the clerk of the court the sum of $769.65 realized from such sale, as the proceeds of an undivided one-half interest therein and available for the payment of the debts of Richard K. Beuter; and the record further shows from the final report filed by said special commissioner, that there had been a division of the proceeds of the sale of tract No. 2 between the estates of the plaintiff herein and Richard K. Beuter. In the decree last mentioned it appears .

"* * * that the interest of Carrie Martin Beuter was that of a co-parcener or tenant in common in and to the said Parcel No. TWO with the decedent Richard K. Beuter and that her interest in the estate of Richard K. Beuter or in any property in which he or his estate is interested was fully satisfied in the sale of Parcel No. TWO which was heretofore sold under order of this Court of the proceeds of which she received one-half * * *."

The sale of Parcel No. 1 was directed by this decree and a sale thereof made for the sum of $1,500.00. It is asserted in the brief of the appellants, and not controverted by the appellees, that after the payment of taxes and costs and after providing for $300.00 to be paid as a preference on the funeral bill of the decedent, there remains·for distribution among the appellant creditors and one other, whose debts aggregate $3,435.65, the sum of $756.26.

Under this state of affairs Leo Coleman on July 11, 1939, petitioned the trial court for an allowance of

$350.00 to be paid out of the fund remaining as aforesaid, in which petition it is noted that Austin V. Wood was original counsel for the plaintiff in this cause, and it is alleged that upon her death the suit was revived at the instance of the petitioner in the name of a personal representative; that he performed services in an effort to establish that a decree of divorce as between Carrie M. Beuter and Richard K. Beuter, entered by the Common Pleas Court of Cuyahoga County, Ohio, had been set aside, presumably in aid of the allegation that Carrie Martin Beuter was the lawful wife of Richard K. Beuter, and entitled to participate as such in his estate. He further alleges that he had prepared, or assisted in the preparation of all pleadings filed in the cause since the death of Carrie Martin Beuter, had attended the taking of depositions before the commissioner in chancery, had appeared in court on every occasion that the case was called, and had examined the law on various questions arising herein and actively participated in the case throughout. No question was raised as to the truth of these allegations, but it was contended in the court below, and is here asserted, that whatever these services may have been, they were performed for and on behalf of the personal representative of Carrie Martin Beuter, and in the interest of her estate; and that the petitioner is not entitled to payment of his claim from the funds of the Richard K. Beuter estate. The trial court decreed an allowance of $250.00 to Coleman to be paid out of such funds.

The right of Coleman to the allowance of fees made by the court depends to a large degree on whether or not the suit instituted by Carrie Martin Beuter was, as to her, a general creditors' suit, or whether its primary purpose was, (1) to enforce a money claim against the estate, (2) to establish that she was the lawful wife of Richard K. Beuter and entitled to participate as such in his estate, and (3) to effect a partition or sale of real estate in which she was jointly interested with Richard K. Beuter. If the suit was a general creditors' suit then,

under some circumstances, counsel for the plaintiff might be entitled to compensation for services rendered in its prosecution. But it is not clear to us that this is a suit wherein such an allowance can be made. True, the suit is, in form, a creditors' suit; but the plaintiff therein asserted large debts in her favor, also alleged that she was entitled to dower in the real estate of the decedent and to widow's rights in his personal estate, and also averred her ownership of an interest in real estate of which she sought a partition or sale. Throughout the suit seems to have been one instituted to assert personal rights on behalf of the plaintiff, and there is nothing in the record to indicate that the character of the services rendered by Coleman varied from that general purpose. Upon the death of Carrie Martin Beuter, counsel who represented her claims was paid out of her estate a fee for his services. When she died, she presumably still had pending her claim that she was legally the wife of Richard K. Beuter, and that, independently of this relation, his estate was heavily indebted to her, and that she was entitled to partition of the real estate in which she had an interest. We know from the petition of Coleman that after her death he performed services for her personal representative in attempting to show that a reputed decree of divorce had been set aside, but we do not know what pleadings were filed or the nature of the hearings before the commissioner. We can only assume that these proceedings were had in an effort to establish the claims as to the marital relationship and alleged indebtedness. If this be the situation, then the services performed by Coleman were in no sense in the interest of the estate but against it and its creditors. It may be said that the necessity for the revival and the prosecution of the suit existed in the interest of creditors, but if so the creditors could have been depended on to protect their interests. Ordinarily "a court is not justified * * * in paying plaintiff's attorney from funds under its control, except when the other parties have 'stood by without counsel' and would reap the benefit of the services rendered by the

attorney conducting the proceeding." *Woods* v. *McClain,* 112 W. Va. 612, 166 S. E. 279. In this case other parties did not stand by without counsel. They were represented in the court below and are represented here.

The *Woods* case just cited was a partition suit, but the rule is broader in its application and can reasonably be applied to cases other than partition suits. As evidence of the fact that the *Woods* case was not intended to have a narrow application, we note in the opinion the following cases were referred to as discouraging the allowance of fees payable out of the funds of an estate except within narrow limits: *Fowler* v. *Lewis' Admr.,* 36 W. Va. 112, 14 S. E. 447; *Crumlish's Admr.* v. *Railroad Co.,* 40 W. Va. 627, 22 S. E. 90; *Weigand* v. *Supply Co.,* 44 W. Va. 133, 28 S. E. 803. In *Roach* v. *Wallins Creek Collieries Company,* 111 W. Va. 1, 160 S. E. 860, note 107 A. L. R. 752, it was held:

> "Except in rare instances, the power of a court to require one party to contribute to the fees of counsel of another party must be confined to cases where the plaintiff, suing in behalf of himself and others of the same class, discovers or creates a fund which inures to the benefit of all."

On the record as presented the allowance made by the court below cannot be sustained. There is no showing that the services rendered by Coleman in any wise contributed to the fund now available for common creditors. It is suggested in the brief that Coleman assisted in establishing liability against Zelda M. Beuter, executrix, on account of the collection of rents. There was a decree ascertaining the liability against her on account of rents collected, and it may be that Coleman's efforts contributed to the obtaining of such decree; but the record does not show that anything was ever collected on such decree and the case was argued upon what appeared to be a concession that the only fund available for distribution was that realized from the sale of real estate.

The order to be entered upon this appeal will be without prejudice to the right of Coleman to reasonable com-

pensation for any services he may have performed in connection with the actual recovery of any fund from Zelda M. Beuter, upon a showing on his part that his services contributed thereto.

The decree of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*