SECURITY NATIONAL BANK & TRUST CO., *etc.*, TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF CAROLINE C. HUGHES, *Deceased*

*v.*

EUGENIA WOODWARD WILLIM *et al., etc.*, WHEELING DOLLAR SAVINGS & TRUST CO., COMMITTEE FOR PATTI SWEENEY, AN INCOMPETENT PERSON

(No. 12610)

Submitted January 17, 1967. Decided February 21, 1967.

Bachmann, Hess, Bachmann & Garden, Gilbert S. Bachmann, for appelant.

Petroplus, Bailey, Byrum & Hesse, George G. Bailey, McCamic & McCamic, Jay T. McCamic, Henry S. Schrader, Ronald W. Kasserman, Schmidt, Laas, Schrader & Miller, Dennis R. Lewis, for appellee.

CALHOUN, PRESIDENT:

This case, on appeal from a final judgment of the Circuit Court of Ohio County, involves an action instituted in that court for the purpose of construing the provisions of the will of Caroline C. Hughes, deceased.

The primary question presented for decision is whether an adopted child takes under the will as a child or as issue of a life tenant.

The action was instituted in the circuit court by Security National Bank & Trust Company as trustee under the last will and testament of Caroline C. Hughes. The persons who were made defendants are descendants of the deceased brothers and sisters of the testatrix. The brothers and sisters were contingent remaindermen under the provisions of the will.

The estate was left by the will in trust for the benefit of the life tenant, Margaret W. Hervey, the daughter of Gertrude W. Hervey, the deceased daughter of the testatrix. The will contains in a separate paragraph the following provision:

"In case the said Margaret should die, leaving a child or children surviving her then all of the property held under this will shall go to such child or children. If the said Margaret should die without issue surviving her then all of the property held in trust under this will, after payment of her funeral expenses, shall go and pass to my brothers

and sisters in equal shares, the share of any of them who may have died leaving children going to such children.''

The will was executed on May 5, 1900. The testatrix died on June 2, 1908. Margaret W. Hervey married Julian Sweeney and, on October 28, 1931, this married couple adopted a female child who was given the name of Patti Sweeney. Margaret W. Sweeney, the life tenant under the trust created by the will, died on September 1, 1965, survived by her adopted daughter. At the time of the death of the life tenant, the trust estate was valued by the trustee at more than four million, six hundred thousand dollars.

The complaint filed in the action to construe the will alleges that Margaret W. Sweeney, the life tenant, died without issue.

Wheeling Dollar Savings & Trust Company, committee for Patti Sweeney, who has become mentally incompetent, filed in her behalf in the action its answer and cross-petition, denying that Margaret W. Sweeney died without issue, and praying ''that the Court construe the Last Will and Testament of Caroline C. Hughes and determine that Patti Sweeney is the surviving child of Margaret W. Sweeney, a.k.a. Margaret W. Hervey, and that as such surviving child she is entitled to all the property held by petitioner as trustee under the will.''

Certain of the defendants to the action filed a motion for judgment on the pleadings pursuant to R. C. P. 12, asserting, in effect, that no material issues of fact were presented and that Patti Sweeney, the adopted daughter, is not issue or a child of Margaret W. Hervey, under the applicable principles and within the meaning of the provisions of the will.

By an order entered on July 12, 1966, the circuit court held and adjudged that ''Patti Sweeney, as an adopted daughter of the decedent, Margaret Hervey Sweeney, is not in law her child or issue and takes nothing under the Last Will and Testament of Caroline

C. Hughes, * * *.'' Accordingly, by the same order, the motion for judgment on the pleadings was sustained and the answer and cross-petition filed by the committee for Patti Sweeney were dismissed. From the judgment embodied in that order of the circuit court, the committee has been granted the appeal to this Court.

The material facts are undisputed. In this Court, the case was submitted for decision on the pleadings filed in the circuit court and upon briefs and oral argument of counsel.

In support of the contention that the adopted child must be regarded in this case as the child or as issue of the life tenant, counsel for the committee rely upon the provisions of Code, 1931, 48-4-5, as last amended in 1959. That statute provides, generally speaking, that, upon the entry of a decree of adoption, the natural parents shall be divested of all legal rights including the right of inheritance from or through the adopted child under the statutes of descent and distribution of this state and that the adopted child shall inherit from or through the parent or parents of such child by adoption in the same manner and to the same extent as though the adopted child were a natural child of such parent or parents, but the adopted child shall not inherit from his or her natural parent or parents. The portion of the statute upon which counsel for the committee place primary reliance was inserted therein by the 1959 amendment and is as follows: ''* * *From and after the entry of such decree of adoption, the adopted child shall be, to all intents and for all purposes, the child of the person or persons so adopting him or her and shall be entitled to all the rights and privileges and subject to all the obligations of a natural child of such adopting parent or parents.''

In answer to this contention made in behalf of the committee in relation to the statute referred to immediately above, counsel for defendants assert that the

1959 amendment of the statute cannot be given a retro-active effect in determining the intention of the testatrix or the effect of the will executed in 1900; that the statute relates primarily to intestacy and, if the adopted child takes the estate in this case, it must be, not on the basis of intestacy, but rather by provisions of the will; that if it is pertinent for the Court to consider any statute, it must be only to the extent that such may be necessary and helpful in ascertaining the intent of the testatrix as expressed in her will; and that if it is permissible and proper to consider any statute in this connection, it must be the statute which was in effect when the will was executed, which statute, incorporated in Barnes Code, 1923, as Chapter 122, Section 4, provided, in part, that an adopted child could inherit from the adopting parent or parents as if born to them in lawful wedlock "* * * except that the said child shall not be capable of taking property expressly limited to the heirs of the body of the adopting parent or parents, nor property coming from the collateral kindred of such adopted parent or parents by right of inheritance: * * *." In further answer to the same contention, counsel for the defendants refer to Code, 1931, 41-1-10, which provides: "The validity and effect of wills executed prior to the time this Code becomes effective [January 1, 1931] shall be determined by the laws of this State in force at the time of their execution. * * *."; and Code, 1931, 41-3-1, which provides that a will shall be construed "with reference to the estate comprised in it," to take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will.

In 86 A. L. R. 2d 12-104, there appears an annotation dealing with the subject of the rights of adopted children to take under various testamentary provisions. In connection with that annotation, innumerable decisions of appellate courts are referred to and categorized. While further reference will be made to that annotation, we will not burden or further

lengthen this opinion by citation of cases which have been thus carefully and exhaustively treated. We will, however, refer to some additional decisions which, because of being more recent, were not referred to in the annotation.

Counsel for defendants rely primarily on the Court's decision in *Wheeling Dollar Savings & Trust Co. v. Stewart*, 128 W. Va. 703, 37 S. E. 2d 563. We are of the opinion that the *Stewart* case is largely determinative of a proper decision of the instant case. That case involved a suit to construe a will dated February 4, 1925, by which the testator bequeathed certain money and securities valued at two hundred fifty thousand dollars to Wheeling Dollar Savings & Trust Company "to be held in trust for the benefit of my daughter Nancy McHenry Hare and her direct descendants." The will contained the following additional language: "My trustees shall continue to hold and manage said trust fund until my said daughter shall die without leaving any descendant, or until all of her descendants surviving her shall have reached the age of twenty-one years or shall have died before reaching that age. In either case the said trust fund, * * * shall then be distributed among my next of kin in equal shares per stirpes. * * *." The testator died in 1928. The daughter, then aged twenty-three and unmarried, remained unmarried until 1931, when she married James K. Stewart. This married couple adopted one daughter in 1936 and another in 1940. At the time the suit was instituted, the daughter of the testator had died, survived by no direct descendants and by no children other than the two adopted daughters. In construing the provisions of the will, the trial court and this Court were required to determine whether the two adopted daughters of Nancy H. Stewart were her descendants or direct descendants within the meaning of these or similar terms used in the will. In answering this inquiry in the negative, thereby affirming the judgment of the Circuit Court of Ohio County, the Court used the following language:

"We are not concerned here with a question relative to the intestacy of Andrew S. Hare or his daughter, each having left a will, nor with the rights of the adopted children relative to descent and distribution from their mother by adoption.

"But we are asked to look to the statutes of descent and distribution, and the statute concerning the rights of adopted children to inherit from their parent or parents by adoption. Those statutes do not control, but may be considered as aids to the construction of the will of Andrew S. Hare. At the date of the will Section 4, Chapter 122, Code of 1923, was in force. * * * But the statutes existing prior to the Code revision of 1931 are not applicable, having been substantially changed prior to the adoption of the first child. Changes in the adoption statute made at the regular sessions of the Legislatures of 1941 and 1943 are likewise inapplicable, having been made after the adoption of said children. The pertinent and applicable statute in substance provided * * * that the adopted child should not take property expressly limited to the heirs of the body of the parent or parents by adoption, * * *.

"The statute of descent and distribution applies to cases of intestacy, and is of little or no aid in arriving at the intention of Andrew S. Hare, as expressed in his will. The statute relating to adopted children in force at the time they were adopted goes no further than to provide for inheritance from the parent or parents by adoption * * *. Of course, if the question were one relating to descent and distribution of the estate of Nancy H. Stewart, the statutes hereinabove adverted to would probably control, but the question here relates to the construction of the will of a stranger to adoptions consummated after his death. * * *

*      *      *

"Obviously, the word 'descendant' in its technical sense comprises issue of every degree. 2 Jarman on Wills, 6th ed., 103. We think there is a

clear distinction between the terms used by the testator in this case, and such words and phrases as 'heirs' and 'legal heirs', the latter being descriptive of a status given by law rather than connoting relationship to the testator by consanguinity. The whole will in this case indicates an intent of the testator and a general scheme to provide for his relatives by blood.

"There is another fact which is material, if not controlling. The infant appellants were adopted by Nancy H. Stewart after testator's death. * * * In the instant case there is no circumstance surrounding the execution of the will, nor any language therein, which, in any way, indicates that testator intended to include children adopted by his daughter several years after his death. It would do violence to the plain language of the will to say that he intended to make provision for strangers to his blood, of whose existence he probably had no knowledge. The words 'descendant' and 'descendants' and 'direct descendants', as used in this will, mean natural children of Nancy H. Stewart, and are similar in meaning to the word 'issue'."

If the adopted child in this case takes anything, it must be on the basis of the provisions of the will rather than upon the basis of laws relating to descent and distribution. *Wheeling Dollar Savings & Trust Co. v. Stewart,* 128 W. Va. 703, 37 S. E. 2d 563; *Newsome v. Scott,* 200 Va. 833, 108 S. E. 2d 369; 2 Am. Jur. 2d, Adoption, Section 95, page 935.

The paramount principle by which a court must be guided in construing a will is that the intent of the testator controls. *Mauzy v. Nelson,* 147 W. Va. 764, pt. 2 syl., 131 S. E. 2d 389. If that intent is disclosed by the language of the will, free of any ambiguity, there is no basis for resort to extrinsic evidence or to rules of construction. *Weiss v. Soto,* 142 W. Va. 783, 98 S. E. 2d 727; *Wilcox v. Mowrey,* 125 W. Va. 333, 339, 24 S. E. 2d 922, 925; *Neal v. Hamilton Co.,* 70 W. Va. 250, 73 S. E. 971; Harrison on Wills and Administration (2d

Ed.), Vol. 1, Section 248, page 436; 95 C.J.S. Wills, Section 586, page 709.

In construing a will, the Court may look to the circumstances surrounding the testator at the time when he made his will. *Wooddell v. Frye,* 144 W. Va. 755, pt. 1 syl., 110 S. E. 2d 916. "When the judicial expositor comes to read the will he must place himself in the same situation as the testator. He is entitled to consider all the surrounding facts and circumstances as they surrounded and affected the testator at the time he wrote his will. While a will ordinarily speaks as of the death of the testator, yet in its construction the court *trys* to see things as he saw them when it was written." Harrison on Wills and Administration (2d Ed.), Vol. 1, Section 244, page 430. See also 95 C.J.S., Wills, Section 590, page 751 and Section 592, page 767. "Although a will speaks only from the maker's death, the language used therein must be construed as of the date of its execution and in the light of the then surrounding circumstances; and, generally speaking, no changes in the situation surrounding the testator or the beneficiaries named in his will occurring after the execution of the instrument may be considered in ascertaining the testatorial intention. It is the intention of the testator spoken in the words of his will, and not any intention which may be deduced from speculation as to what he would have done had he anticipated a change of circumstances surrounding him at the time of the execution of the will, that is to govern in construing the instrument. * * *." 57 Am. Jur., Wills, Section 1145, page 744. To the same effect see *Lee v. Foley,* 224 Miss. 684, 80 So. 2d 765.

Statutes relating to descent and distribution and statutes relating to adoption, in effect when the will was written, may be considered in ascertaining testamentary intent in case of ambiguity in the testamentary language. It is obvious that a statute defining the legal status of adopted children, enacted long after the testatrix in this case made her will, even long

after her death, can shed no light on the intent she undertook to express in her will. *Wheeling Dollar Savings & Trust Co. v. Stewart,* 128 W. Va. 703, 37 S. E. 2d 563; *Merson v. Wood,* 202 Va. 485, 489, 117 S. E. 2d 661, 664; *Thomas v. Thomas,* 258 N.C. 590, 592-93, 129 S. E. 2d 239, 240-41; Anno. 86 A.L.R. 2d 12, 33-34; 95 C.J.S., Wills, Section 587 f, page 724; 2 Am. Jur. 2d, Adoption, Section 92, page 934. See also *McCauley v. Henry,* 143 W. Va. 770, 105 S. E. 2d 129. As we have noted previously in this opinion, the statute of this state which was in effect when the will was made provided that an adopted child was not "capable of taking property expressly limited to the heirs of the body" of the adopting parent or parents. We are not called upon to decide and, therefore, do not undertake to decide what would be the effect, if any, of the 1959 amendment of Code, 1931, 48-4-5, upon a will, such as that involved in this case, made after the effective date of the statutory amendment.

The will in this case referred to "child or children" and to "issue surviving" the life tenant. Such terms were used interchangeably and synonymously by the testatrix in the two-sentence paragraph here in question. In *Wheeling Dollar Savings & Trust Co. v. Stewart,* 128 W. Va. 703, 712, 37 S. E. 2d 563, 568, the Court stated: "The words 'descendant' and 'descendants' and 'direct descendants', as used in this will, mean natural children of Nancy H. Stewart, and are similar in meaning to the word 'issue'. * * *." It is generally held that, in a case such as the instant case, the word "issue" refers to natural-born children, excluding children by adoption. Anno. 86 A.L.R. 2d 12, 69; 2 Am. Jur. 2d, Adoption, Section 98, page 938. See also *Fletcher v. Flanary,* 185 Va. 409, 38 S. E. 2d 433.

It is difficult to spell out broad general legal principles in reference to cases of this character because of variables which must be considered. Testamentary language giving rise to the question of the rights of

adopted children has, in the numerous cases decided by appellate courts, included the words child, children, grandchild, grandchildren, descendants, lineal descendants, issue, heirs and the like. In some instances the testators were adoptive parents, while in others the testators were strangers to the adoptions. In some instances the adoptions occurred before the making of the wills, while in other instances the adoptions occurred after the making of the wills or even after the death of the testators. We are of the opinion, however, that, by the clear weight of authority, an adopted child is not entitled to property devised or bequeathed to the "child," "children" or "issue" of the adoptive parent unless a contrary intent is disclosed by the will in the light of the surrounding circumstances; and this is especially so where the adoption occurs after the death of the testator, or even after the making of the will. *Wheeling Dollar Savings & Trust Co. v. Stewart*, 128 W. Va. 705, 37 S. E. 2d 563; *Thomas v. Thomas*, 258 N. C. 590, 129 S. E. 2d 239; 65 W. Va. L. Rev. 246; 2 Am. Jur. 2d, Adoption, Section 96, page 936; Anno. 86 A.L.R. 2d 12, 58 and 78; 95 C.J.S. Wills, Section 653, page 954. See also *Baker v. Giffrow*, 135 N. W. 2d 629, (Iowa 1965).

For reasons stated in this opinion, the judgment of the Circuit Court of Ohio County is affirmed.

*Affirmed*