SECURITY NATIONAL BANK & TRUST CO., *etc., Trustee*
UNDER LAST WILL AND TESTAMENT OF
CAROLINE C. HUGHES, *Deceased*

*v.*

EUGENIA WOODWARD WILLIM, *et al., etc.,* CHARLES P. MEAD,
*Attorney, etc., et al. and* RONALD W. KASSERMAN,
*Attorney, etc., et al.*

(No. 12793)

Submitted May 6, 1969.                   Decided July 1, 1969.

300

*Charles P. Mead, Ronald W. Kasserman,* for appellants.

*Petroplus, Bailey, Byrum & Hesse, George G. Bailey, Jay T. McCamic, Henry S. Schrader,* for appellee.

BROWNING, JUDGE:

This is an appeal granted on December 16, 1968, from an order of the Circuit Court of Ohio County entered on April

29, 1968, which stated that that court had no authority to award fees for legal services rendered by the appellants, Charles P. Mead, attorney for Edwin McMahon Singer, administrator of the estate of Ruth M. Woodward, and the Chase Manhattan Bank as executor under the will of Philip G. Woodward; Ronald W. Kasserman, attorney for the First National Bank of Birmingham, trustee under the will of H. G. Woodward; and the First National Bank of Birmingham, executor under the will of Joseph H. Woodward, II.

The facts are substantially as follows: Caroline C. Hughes executed her will on May 5, 1900, and died on June 2, 1908. She gave all her property to her executor as trustee to be held in trust for the use of her granddaughter, Margaret Hervey Sweeney, for and during the term of her granddaughter's life. Following the death of Margaret Hervey Sweeney, the will directed in pertinent part as follows:

> In case the said Margaret should die, leaving a child or children surviving her then all of the property held under this Will shall go to such child or children. If the said Margaret should die without issue surviving her then all of the property held in trust under this Will, after payment of her funeral expenses, shall go and pass to my brothers and sisters in equal shares, the share of any of them who may have died leaving children going to such children.

Margaret Hervey Sweeney was fourteen years old at the date of the death of her grandmother. She died on September 1, 1965, survived by no issue but by an adopted daughter. By order entered July 6, 1966, the Circuit Court of Ohio County found that the adopted daughter, Patti Sweeney, took nothing under the will. By order entered August 22, 1966, that court also decided that the testatrix intended that her residuary beneficiaries be determined upon the death of the life tenant and that, should Margaret Hervey Sweeney die without issue, the testatrix desired distribution of her residuary estate to

the direct descendants of her brothers and sisters living at the date of the death of Margaret Hervey Sweeney, per stirpes.

Ruth M. Woodward and Philip G. Woodward were the children of Soloman Woodward, a brother of Caroline C. Hughes. Ruth M. Woodward died without issue on December 7, 1963, and Philip G. Woodward died without issue on January 21, 1964. Appellants, as attorneys for the fiduciaries of the Estates of Ruth M. Woodward and Philip G. Woodward, filed for an appeal in this Court from the aforementioned August 22, 1966, order of the Ohio County Circuit Court. An appeal was granted and by decision dated January 16, 1968, this Court affirmed that order. *Security National Bank & Trust Co.* v. *Willim,* 152 W. Va. 27, 158 S. E.2d 715.

On February 9, 1968, appellants filed their petitions with the Circuit Court of Ohio County requesting that a reasonable fee be allowed for legal services rendered by them for the above mentioned parties to this suit, and that said fees be paid by the appellee, Security National Bank & Trust Company, trustee under the will of Caroline C. Hughes from the assets of the Hughes Trust and as part of the cost of this action. Appellants in their petitions set forth their appearances in the court below on behalf of the parties represented by them and further set forth that they, in the court below and in this Court, opposed the application of the Committee for the adopted daughter of the life tenant of the trust under the will by oral arguments and by the filing of briefs. This Court in the case of *Security National Bank & Trust Co.* v. *Willim,* 151 W. Va. 429, 153 S. E.2d 114, found that the adopted daughter took nothing under the will.

The Ohio County Circuit Court by order entered April 29, 1968, found that it had no authority to award fees to appellants for services rendered by them on behalf of the aforementioned parties. Appellants here contend that the court below erred in its finding and that the

fees should have been awarded. This Court granted this appeal from the final order of the Ohio County Circuit Court on December 16, 1968.

The able trial judge in his memorandum opinion giving his reasons for his action stated that it was his "ruling that I have no authority whatsoever to award attorneys fees to the Petitioners . . . ." Counsel for one of the appellees herein construes that language to mean that the trial court was without the power to grant attorneys' fees because this was a case instituted under the provisions of Chapter 55, Article 13, of the Code, as amended, that Article being titled "Uniform Declaratory Judgments Act." Section 4 of that Article clearly provides that an executor, administrator, etc., may under this section have a declaration of rights in the administration of a trust, or of the estate of the decedent, etc. Whether a suit or action required the application of legal or equitable principles is not determinative of whether relief may be had in a declaratory judgment action. We are of the view that the trial court did have complete jurisdiction of the issues arising upon this declaratory judgment action and that having assumed jurisdiction and being by statute empowered to do that which Section 4 provides it had the authority to award attorneys' fees in the same manner as if this had been a civil action which prior to the adoption of the Rules of Civil Procedure would have been denominated as one in equity. The trial court did take jurisdiction of the trust fund created under the will of Caroline C. Hughes, described the method of distribution and retained control of a certain portion of it apparently in anticipation of a possible reversal by this Court of the trial court's ruling as to attorneys' fees which is the sole issue in this proceeding.

The trial judge on May 3, 1968, allowed attorney fees to Mr. Gilbert S. Bachmann, such to be paid from the estate of Caroline C. Hughes, for his services as attorney for the Committee for Patti Sweeney, an incompetent person, in the sum of $2,000. It would appear to this Court

the trial judge's reason for stating that he was without authority to award attorneys' fees to the appellants was because of the holding of this Court in *Beuter* v. *Beuter*, 122 W. Va. 103, 7 S. E.2d 505. This is the single syllabus point of that case: "In the absence of a valid contract of employment an allowance of fees to an attorney, payable out of the estate of a decedent, can only be justified upon a showing of services beneficial to the estate, or necessary to its settlement, as distinguished from services performed for a client presenting a claim against the estate." It seems clear from the opinion in the *Beuter* case that two rules were recognized for such cases: (A) that attorneys' fees could be paid out of a fund created or preserved for parties who stood by until financial or other benefits were made available to them by the action of the attorney representing another party; and (B) the services of an attorney cannot be rewarded by fees paid out of an estate where such attorney had represented litigants who sought to recover funds from an estate in a purely adversary capacity. *Beuter* clearly belonged in the second category although it is apparent from the opinion that the court's conclusion was arrived at only by certain assumptions which apparently were responsible for the next to the last sentence of the opinion in which the court stated clearly that its action was without prejudice to the awarding of attorney fees for any services which the attorney could thereafter show had been performed that led to the recovery of any fund. It is apparent from an examination of decisions of this Court and the Supreme Court of Virginia that these courts have been very conservative in cases in which attorneys sought to be compensated from a fund of an estate for services alleged to have been rendered. This is the second syllabus point in *Roach* v. *Wallins Creek Collieries Company*, 111 W. Va. 1, 160 S. E. 860; "Except in rare instances, the power of a court to require one party to contribute to the fees of counsel of another party must be confined to cases where the plaintiff, suing in behalf of himself and others of the same class,

discovers or creates a fund which enures to the benefit of all." A decision of the Supreme Court of Virginia, *McCormick* v. *Elsea,* 107 Va. 472, 59 S. E. 411, is the only authority cited in the opinion for that rule. See also upon that question *Woods* v. *McLain,* 112 W. Va. 612, 166 S. E. 279; *Jacobs* v. *Jacobs,* 100 W. Va. 612, 131 S. E. 455; *Weigand* v. *Supply Co.,* 44 W. Va. 133, 28 S. E. 803; *Crumlish's Adm'r* v. *Railroad Co.,* 40 W. Va. 627, 22 S. E. 90; *Fowler* v. *Lewis's Adm'r,* 36 W. Va. 112, 14 S. E. 447. The Illinois court in *Hinckley* v. *Beardsley,* 28 Ill. App. 2d 379, 171 N. E.2d 401, states the rule followed in many jurisdictions:

> The rule seems to be well-settled that where testator expresses his intention in his will so ambiguously that it becomes necessary for the executor, trustee or a beneficiary to institute a suit in chancery for construction of the will, that the reasonable attorney fees for complainant and all necessary parties to the true construction of the will should be allowed regardless of who prevails in the case, *because by bringing the suit he has benefited the estate.* [Emphasis added.]

The facts of the instant case distinguish it from any of the cases cited by counsel for any of the parties in their briefs. In the first phase of the litigation the parties to this proceeding and their counsel opposed a common adversary and if the latter had prevailed neither of the parties to this proceeding would have received anything. In *Security National Bank & Trust* v. *Willim,* 151 W. Va. 429, 153 S. E.2d 114, this Court held that the testator's granddaughter's adopted child took nothing under the will of the testator but that the estate would go instead to the contingent remaindermen. Up to that point in the litigation the interests of the appellants and their clients were not inimical to those of appellees. Once they had prevailed in the above-styled case, however, they became adversaries. The appellants in this case are attorneys for Ruth M. Woodward and Philip G. Woodward, the children of Soloman Woodward, a brother of

the testator Caroline C. Hughes. Ruth died without issue on December 17, 1963, and Philip died without issue on January 21, 1964. The second phase of the litigation in the Circuit Court of Ohio County was for the purpose of determining whether the estates of these deceased relatives would take under the will or whether the language of the will was such as to manifest a desire by the testatrix that her estate be kept within the bounds of blood relatives. The trial court on August 22, 1966, held that the estates of the deceased niece and nephew would take nothing under the will. In *Security National Bank & Trust Co. v. Willim,* 152 W. Va. 27, 158 S. E.2d 715, this Court affirmed that judgment and thereafter on April 29, 1968, as heretofore stated, the trial court determined that the appellants were not entitled to counsel fees for services rendered to the estates of the deceased niece and nephew and from that judgment this Court granted the present appeal.

As heretofore stated, the facts of this case distinguish it from any decision of this Court in which counsel fees have been denied. It is the decision of this Court that the appellants are entitled to reimbursement from the estate of Caroline C. Hughes for services rendered in the initial litigation in the Circuit Court of Ohio County and in this Court inasmuch as their efforts at that time and in that litigation promoted the interests of the parties who finally prevailed even though after the first decision of this Court the parties became adversaries.

The final judgment of the Circuit Court of Ohio County is reversed and this case is remanded to that court with directions to award reasonable attorneys' fees to the appellants for services rendered to the time when it was finally determined by this Court that the adopted child of Margaret Hervey Sweeney took nothing under the will of the testatrix.

*Reversed and remanded, with directions.*